**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT FRANKFORT**

| | | |
|---|---|---|
| **KRISTIN SOUDERS**, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | Removed from: |
| **LOVE'S TRAVEL STOPS &** | ) | Commonwealth of Kentucky |
| **COUNTRY STORES, INC.,** | ) | Franklin Circuit Court |
| | ) | Case No. 16-CI-000940 |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Comes now the Defendant, Love's Travel Stops & Country Stores, Inc. ("Love's"), pursuant to 28 U.S.C. §§1441 and 1446, and gives this notice of removal which shows that:

1.     On August 31, 2016, an action was commenced against Love's in the Circuit Court of Franklin County, State of Kentucky, entitled *Kristin Souders v. Love's Travel Stops & Country Stores, Inc.*, Case No. 16-CI-00940. A summons and copy of complaint were served on Love's on September 6, 2016. Copies of the summons and complaint served on Love's are attached hereto as **Exhibit A** (Summons) and **Exhibit B** (Complaint).

2.     Plaintiff's Complaint alleges claims for violation of the federal Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act (KCRA), KRS Chapter 344.

3.     This is a civil action over which this Court has subject matter jurisdiction under the provisions of 28 U.S.C. § 1331. Plaintiff asserts claims for alleged violations of the Equal Pay Act, 29 U.S.C. § 206 *et seq*. and Title VII as her first two causes of

1

action. *See* Exhibit Two at ¶¶ 5-22. These claims arise under the laws of the United States and involve issues of federal question. Therefore, this Court has jurisdiction under 28 U.S.C. § 1331, and this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

4.      Plaintiff further asserts a third cause of action for discrimination in violation of the KCRA. This Court has supplemental jurisdiction over Plaintiff's state law claim because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a). Specifically, every claim asserted by Plaintiff relates to the same alleged employment events.

5.      None of the four bases for declining supplemental jurisdiction set out in 28 U.S.C. § 1367(c) exist in this case because (1) the claims are neither novel, nor complex; (2) neither of the claims "substantially predominate" over the other; (3) original jurisdiction has been established for a claim; and (4) there are no exceptional circumstances.

6.      This Notice of Removal is timely because it is filed within thirty (30) days from the date Love's received a copy of the complaint. *See* 28 U.S.C. § 1446(b).

7.      As required by 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being filed this day with the Clerk of the Circuit Court of Franklin County, Kentucky.

Wherefore, Love's Travel Stops & Country Stores, Inc. requests that this Court assume jurisdiction over this controversy and that this matter proceed in the United States District Court for the Eastern District of Kentucky from this day forward.

This 22nd day of September, 2016.

Respectfully submitted,


*/s/ Jay Inman*

Jay Inman
jinman@littler.com
LITTLER MENDELSON, P.S.C.
333 West Vine Street, Suite 1720
Lexington, KY  40507
Telephone: 859.317.7970
Facsimile: 859.259.0067

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 22nd day of September, 2016, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system. I further certify that I served the foregoing upon Plaintiff's counsel via first class mail, postage prepaid, to:

James O'Toole
Smith & O'Toole, PLLC
2333 Alexandria Drive
Lexington, KY 40504
(859) 514-6072
jotoole@smithtoole.com

*Attorney for Plaintiff*

/s/ Jay Inman
Jay Inman